Filed 3/28/13  P. v. Lim CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D061834 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD212846) |
| MARK D. LIM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.


In November 2011, Mark D. Lim entered a negotiated guilty plea to second degree murder (Pen. Code,[1] §§ 187, subd. (a)), 190, subd. (a)) (count 1), attempted murder (§§ 187, subd. (a), 664) with personal infliction of great bodily injury (§ 12022.7, subd. (a)) and personal use of a deadly or dangerous weapon (a knife) (§ 12022, subd. (b)(1)) (count 2), making a criminal threat (§ 422) (count 5) and two counts of attempting to

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

dissuade a witness (counts 12 and 18) (§ 136.1, subd. (a)(2)). In April 2012, the court sentenced Lim to a stipulated term of 15 years to life plus 15 years in prison: 15 years to life for second degree murder, the nine-year upper term for attempted murder, eight-month terms (one-third the middle term) for making a criminal threat and the two counts of attempting to dissuade a witness, three years for personal infliction of great bodily injury and one year for personal knife use. Lim appeals, contending the court abused its discretion by denying his request for an evidentiary hearing to determine whether he is a veteran suffering from mental health problems as a result of his military service (§ 1170.9); substantial evidence does not support a finding he had the ability to pay the $154 booking fee (also called a criminal justice administration fee) (Gov. Code, § 29550.1); and the court erred in ordering a penalty assessment on the section 1202.4, subdivision (b), restitution fine. Lim also contends that if his first two contentions were not preserved for appeal, trial counsel was ineffective. We affirm.

## BACKGROUND

Lim threatened to kill his ex-girlfriend. Lim killed his ex-girlfriend's grandfather and attempted to kill her mother. Lim sent letters to his ex-girlfriend's new boyfriend threatening to have them both tortured and killed.

## SECTION 1170.9

Section 1170.9 provides: "(a) In the case of any person convicted of a criminal offense who could otherwise be sentenced to county jail or state prison and who alleges that he or she committed the offense as a result of sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems stemming

2

from service in the United States military, the court shall, prior to sentencing, make a determination as to whether the defendant was, or currently is, a member of the United States military and whether the defendant may be suffering from sexual trauma, traumatic brain injury, posttraumatic stress disorder, substance abuse, or mental health problems as a result of that service. The court may request, through existing resources, an assessment to aid in that determination.  [¶]  (b) If the court concludes that a defendant convicted of a criminal offense is a person described in subdivision (a), and if the defendant is otherwise eligible for probation and the court places the defendant on probation, the court may order the defendant into a local, state, federal, or private nonprofit treatment program for a period not to exceed that which the defendant would have served in state prison or county jail, provided the defendant agrees to participate in the program and the court determines that an appropriate treatment program exists."

Before sentencing, Lim personally requested an evidentiary hearing to determine his eligibility for a section 1170.9 treatment program.  The court denied the request "without prejudice."  Lim contends this deprived him of due process and caused him prejudice.  He argues a finding that he met the criteria of section 1170.9, subdivision (a), might have reduced the restitution fine,[2] would have assisted the Department of Corrections and Rehabilitation in making treatment choices, might have resulted in future benefits if governmental resources became available and would have served as recognition of Lim's sacrifices as a member of the military.

---

[2]    The court imposed the $10,000 maximum restitution fine.  (§ 1202.4, subd. (b).)

To be eligible for treatment under section 1170.9, a defendant must be eligible for probation.  (§ 1170.9, subd. (b).)  Lim's plea bargain called for a stipulated prison sentence.[3]  He was not eligible for probation and waived his right to appeal the stipulated sentence.  Furthermore, before Lim's sentencing, the language in section 1170.9 providing for a hearing was deleted by the Legislature.  For these reasons, we reject Lim's contentions.[4]

## THE BOOKING FEE

To support his argument that substantial evidence does not support a finding he had the ability to pay the $154 booking fee, Lim relies on Government Code section 29550.2.  Government Code section 29550.2 expressly requires an ability to pay on the part of defendants arrested "by any governmental entity not specified in Section 29550 or 29550.1."  Government Code section 29550.1, which does not contain an ability to pay requirement, applies to defendants arrested by "[a]ny city, special district, school district, community college district, college, university, or other local arresting agency . . . ."  (Gov. Code, § 29550.1, subd. (a).)  Lim was arrested by the San Diego

---

[3]    Lim asserts the plea bargain did not specify that the stipulated term of 15 years to life plus 15 years was to be served in prison.  Prison is the only place a sentence for Lim's crimes can be served; he was not eligible for imprisonment in county jail.  (§§ 1170, subd. (h)(3), 667.5, subd. (c)(1), (8), (12), 1192.7, subd. (c)(1), (8), (9), (23), (37), (38).)

[4]    The People ask us to augment the record with a Certification of Mental Competence (§ 1372) and an attached report, filed in the trial court in May 2010.  The People contend the Certification is relevant to Lim's contention regarding section 1170.9.  Lim opposes the motion, asserting a violation of his statutory and constitutional rights to privacy.  Lim also notes that, contrary to the People's assertion, the sentencing court did not rely on the Certification and report in ruling on Lim's section 1170.9 motion.  We deny the motion.

Police Department. Thus, Government Code section 29550.1 applies in this case, and the court was not required to find Lim had the ability to pay the fee.

## THE PENALTY ASSESSMENT

The court orally stated there would be a penalty assessment applied to the section 1202.4, subdivision (b), restitution fine. Lim correctly notes this was improper. (§ 1202.4, subd. (e).) As the abstract of judgment does not reflect the penalty assessment, however, there is nothing for us to correct.

## EFFECTIVENESS OF TRIAL COUNSEL

Because we reject on the merits Lim's contentions regarding section 1170.9 and the booking fee, we need not address his contention that trial counsel was ineffective if those contentions were not preserved for appeal.

## DISPOSITION

The judgment is affirmed.

McDONALD, J.

WE CONCUR:

HUFFMAN, Acting P. J.

McINTYRE, J.

5